Mr. Edward J. Marko Attorney for the School Board of Broward County Post Office Box 4369 Fort Lauderdale, Florida 33338
Dear Mr. Marko:
You have asked substantially the following question:
 May the School Board of Broward County select architects to render professional services on projects based on a predetermined maximum fee schedule established by the school board rather than the provisions of s. 287.055, F.S.?
In sum:
 An agency may consider factors in addition to those prescribed in s. 287.055, F.S., for the purchase of professional services, but may not establish an alternate procedure which conflicts with the requirements of s. 287.055, F.S.
Your letter and supplemental materials state that the Broward County School Board has established a fee schedule as the basis for compensating architects retained to provide architectural services to the board. In developing this fee schedule the school board staff analyzed the standard recommended fee charts of the American Institute of Architects for buildings and projects of similar complexity to the projects being considered for construction by the school board. The staff also held meetings with the representatives of the Broward County Chapter of the American Institute of Architects to discuss the development of a fee structure.
You state that when a project is planned which is subject to s.287.055, F.S., the School Board of Broward County selects an architect utilizing the procedures found in school board policy 6GX6-7003 (no details of which have been provided) and then offers that architect a fee for performing the work in accordance with the established fee schedule. If the selected architect does not accept the scheduled fee for the project, the board offers such fee to the second most qualified architect.
The Consultant's Competitive Negotiation Act, s. 287.055, F.S., as amended by Ch. 88-108, Laws of Florida, sets forth requirements for procuring and contracting for certain professional services, including those of architects.[1] Section 287.055(3), F.S., operates to require an agency such as the school board to follow certain procedures for announcing occasions when professional services are required to be purchased and for certifying firms or individuals desiring to provide such services as qualified and further directs agencies to adopt administrative procedures for the evaluation of professional services.[2] An agency is required to publicly announce each occasion when professional services are required to be purchased for a project covered by the statute.[3]
Section 287.055(4), F.S., as amended, supra, states that an agency must evaluate firms which offer to provide professional services for a proposed project and to select no fewer than three firms which are deemed to be the most highly qualified to perform the required services.[4] The statute provides criteria for evaluating the qualifications of such firms and prohibits the consideration of compensation until after the three most qualified firms are selected:
 In determining whether a firm is qualified, the agency shall consider such factors as the ability of professional personnel; whether a firm is a certified minority business enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms. The agency may request, accept, and consider proposals for the compensation to be paid under the contract only during competitive negotiations under subsection (5).[5]
The act requires that the agency negotiate a contract with the most qualified firm at compensation determined to be fair, competitive, and reasonable. To make this determination "the agency shall conduct a detailed analysis of the cost of the professional services required in addition to considering their scope and complexity."[6] If the agency is unable to negotiate a satisfactory contract with the most qualified firm at a price that the agency determines to be fair, competitive, and reasonable, negotiations with that firm are terminated and the agency must undertake negotiations with the second most qualified firm.[7] This procedure is followed until an agreement is reached.[8]
A process such as that utilized by the Broward County School Board which establishes a fee for proposed professional services prior to the initiation of the other steps required by s. 287.055, F.S., i.e., public announcement, evaluation of current statements or qualifications and performance data for interested firms, and agency selection of the three or more most highly qualified firms, would not comply with the requirements of s. 287.055, F.S., which mandates a project-by-project selection and negotiation process.[9]
In City of Jacksonville v. Reynolds, Smith Hills, Architects, Engineers Planners, Inc., the court determined that "[t]he Act creates a two-step process for agencies or political subdivisions to use when hiring architects and engineers. The first is competitive selection, the second is competitive negotiation with those firms selected in the first step."[10] (e.s.) The procedure utilized by the Broward County School Board does not appear to involve competitive negotiation to arrive at "a price the agency determines to be fair, competitive, and reasonable. . . ."[11] Rather, a set fee is established in advance and if a selected firm cannot or will not perform the required services at that amount, no negotiation takes place and consideration of that firm ends. The court in the Reynolds, Smith case recognized that the Consultants' Competitive Negotiation Act makes budget considerations a factor in selecting the covered professional services.[12] However, I am not aware of nor have you brought to my attention any authority which would allow the elevation of that factor to become the primary element for consideration in selecting and acquiring professional services by the agencies subject to s. 287.055, F.S.
Thus, it is my opinion that the School Board of Broward County is not authorized to establish a set fee schedule for procuring professional services in advance of conducting competitive selection and negotiation pursuant to s. 287.055(4) and (5), F.S.
Sincerely,
Robert A. Butterworth Attorney General
[1] See, s. 287.055(2)(a), F.S., defining "[p]rofessional services" to include architectural services.
[2] See also, s. 287.055(2)(a) and (b), F.S., respectively defining "[p]rofessional services" to include architectural services and defining "[a]gency" to include a school district or school board for purposes of s. 287.055, F.S.
[3] Section 287.055(3), F.S.
[4] See, s. 287.055(4)(c), F.S., for exceptions to application of the statute.
[5] Section 1, Ch. 88-108, Laws of Florida. And see, s. 2, Ch. 88-108, Laws of Florida, providing that the effective date of the act was July 1, 1988.
[6] Section 287.055(5)(a), F.S.
[7] Section 287.055(5)(b), F.S.
[8] Section 287.055(5)(c), F.S. 
[9] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed.")
[10] 424 So.2d 63, 64 (1 D.C.A.Fla., 1982).
[11] Section 287.055(5)(b), F.S.
[12] Supra, footnote 9 at p. 64. Cf., City of Lynn Haven v. Bay County Council of Registered Architects, Inc., No. BS-217, 13 FLW 1683 (1 D.C.A.Fla., July 19, 1988). In that case the City of Lynn Haven proposed to construct a new public safety building. The city published notice to contractors inviting bids for construction of the building. The appellee complained that the city was attempting to circumvent s. 287.055, F.S., by allowing the contractor with the low bid to select and hire an architect to prepare, sign, and seal the architectural drawings and direct the project. The First District Court of Appeal agreed with appellee that the city's procedures were in conflict with the legislative intent of the Consultant's Competitive Negotiation Act and undermined the effectiveness of the act. The court stated that the bidding procedure utilized by the city "will not effectuate an equitable distribution of contracts among the most qualified firms pursuant to Section 287.055(4), Florida Statutes." Further, the court noted that the city's method did not "assure that the architectural fees which the City pays indirectly are fair, competitive, or reasonable. . . ."